IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY PHILLIPPE and TED BRISTOW, JR.,** )<br>)<br>Plaintiffs,    )<br>v.    )<br>)<br>**WESTMARK GROUP HOLDINGS INC., et al.,**    )<br>)<br>Defendants.    )<br>_____) | CV F 99-6249 AWI SMS<br><br>**ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

     On August 24, 1999, Defendants removed this action from the Calaveras County Superior Court.  On April 27, 2000, the court granted Plaintiffs' motion to compel arbitration and stayed this action pending arbitration.  The parties were ordered to file status reports.  The last status report was filed on August 18, 2005 by Plaintiffs.  Plaintiffs state in this status report that this action has been resolved.  However, Plaintiffs state that they are unable to file a stipulated dismissal because Defendants ceased to exist and Defendants' attorney is no longer able to contact Defendants.

     On January 5, 2007, the Clerk of the Court issued a minute order setting a February 12, 2007 hearing date to determine if this action should be dismissed for lack of prosecution.  The order stated any opposition to dismissal was to be filed five court days prior to the hearing.  No opposition was timely filed.  The case was called during the court's afternoon calender on February 12, 2007, but neither Plaintiffs nor any other party appeared.

     A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

At this time, the court finds dismissal of this action for Plaintiff's failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending for over seven years. Plaintiffs have represented to the court that this action has been resolved. The court cannot manage its docket if it maintains cases in which the plaintiff has failed to litigate its case. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff has indicated the action has been resolved. The availability of less drastic sanctions has been considered but, given Plaintiffs' representations to the court and the fact no party has responded to the court's January 5, 2007 order, the court has no effective sanction but to close the case. Finally, the risk of prejudice to Defendants also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

Accordingly, the court ORDERS that:

1. This action is DISMISSED for Plaintiffs' failure to prosecute; and

2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   February 12, 2007**              /s/ Anthony W. Ishii
0m8i78                                         UNITED STATES DISTRICT JUDGE

2